TUBULAR RIVET CO. v. COPELAND.[1]

(*Circuit Court, D. Massachusetts.*   February 20, 1886.)

1. PATENTS FOR INVENTIONS—REISSUE.
    The seventh claim of reissued letters patent No. 8,276, granted June 11, 1878, to Mellen Bray, for an improvement in rivet-setting machines, is broader than the original patent, and the reissue having been applied for over three years from the date of the original, such claim is void.

2. SAME—INFRINGEMENT.
    The eighth claim of this reissue, for "The receiver, N, provided with the springs, $r$, and $r'$, mounted upon the setting plunger, B, and adapted to operate substantially as described," is not infringed by a receiver consisting of a long lever, pivoted, at its rear end, to the supporting frame of the machine, and composed of two elastic strips of metal, flaring at their front ends to hold the rivet.

In Equity.
*Chauncey Smith*, for complainant.
*G. M. Plympton*, for defendant.

COLT, J.   This suit is brought for the infringement of reissued patent No. 8,276, granted to Mellen Bray, June 11, 1878, for an improvement in rivet-setting machines.   The original patent was granted April 6,.1875.   The application for the reissue was made May 27, 1878,—more than three years after the issue of the original patent. The seventh and eighth claims of the reissue form the subject-matter of the present controversy.   They are as follows:

"(7) In combination with a reciprocating plunger and a clinching anvil, a receiver provided with spring or yielding sides, and adapted to receive the rivet, and hold it in a perpendicular position between the plunger and anvil,

---

[1]Reported by Charles C. Linthicum, Esq., of the Chicago bar.

and to be moved vertically, or in line with the movement of the plunger, during the first part of the downward movement of said plunger, and guide the rivet to the work, and then remain in a state of rest till the plunger has completed its downward motion, and forced the rivet from the receiver into the material, substantially as described.    (8) The receiver, N, provided with the springs, *r*, and *r'*, mounted upon the setting plunger, B, and adapted to operate substantially as described."

The seventh claim is not found in the original patent.    The eighth claim of the reissue was the seventh claim of the original.    In the original patent the receiver is subject to the limitation of being "mounted upon a movable setting plunger, and made to move at times with said setting plunger."    In the reissue these words are omitted, and it is no longer necessary to mount the receiver upon the plunger, but to locate the receiver between the anvil and the movable setting plunger.    In the original patent the receiver is attached to the plunger.    In the reissue, by the seventh claim, it is only necessary to locate the receiver between the plunger and anvil.    The claims of the reissue are clearly broader than the original, and therefore the seventh claim of the reissue, under the recent decisions of the supreme court, must be held to be void.    *Miller* v. *Brass Co.*, 104 U. S. 350; *James* v. *Campbell*, Id. 356; *Mathews* v. *Machine Co.*, 105 U. S. 54; *Bantz* v. *Frantz*, Id. 160; *Johnson* v. *Railroad Co.*, Id. 539; *Gage* v. *Herring*, 107 U. S. 640; S. C. 2 Sup. Ct. Rep. 819; *Clements* v. *Odorless E. A. Co.*, 109 U. S. 641; S. C. 3 Sup. Ct. Rep. 525; *McMurray* v. *Mallory*, 111 U. S. 97; S. C. 4 Sup. Ct. Rep. 375; *Turner & Seymour Manuf'g Co.* v. *Dover Stamping Co.*, 111 U. S. 319; S. C. 4 Sup. Ct. Rep. 401.

The question remains whether the defendant infringes the eighth claim of the reissue, which is like the seventh claim of the original. We do not find the combination described in this claim, in defendant's machine.    The receivers differ materially in construction. The defendant's receiver is not attached to the setting plunger.    It does not consist of a tubular thimble fitted loosely to the plunger, and held in position by a pin set in the plunger, and projecting outward into a slot formed in the thimble.    Nor has it the side springs described in the Bray patent.    On the contrary, the defendant's receiver consists of a long lever, pivoted, at its rear end, to the supporting frame of the machine, and composed of two elastic strips of metal, flaring at their front ends to hold the rivet.    It is thrown upwards by a spring fixed to the arm of the machine.    We would not be warranted in putting such a broad construction on the eighth claim of the Bray reissue as to make it include the defendant's machine, when it differs so materially in construction.    We therefore find no infringement of the Bray patent, and the bill must be dismissed.    Bill dismissed.